# EXHIBIT 1

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21943603  D1 CM | 43589292 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

NAKESHEA STEELE     **PLAINTIFF**
VS
TEMPCRAFT CORPORATION, ET AL     **DEFENDANT**

TEMPCRAFT CORPORATION
3960 SOUTH MARGINAL RD.
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

ANGELA RODRIGUEZ
25200 CHAGRIN BLVD

STE.200
BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By _____
                Deputy

| DATE SENT |
|---|
| Feb 3, 2021 |

COMPLAINT FILED    02/03/2021



| CASE NO. | SUMMONS NO. |
|---|---|
| CV21943603 | D1 CM | 43589293 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

NAKESHEA STEELE **PLAINTIFF**
VS
TEMPCRAFT CORPORATION, ET AL **DEFENDANT**

TEMPCRAFT CORPORATION
C/O R/A   CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 12
COLUMBUS OH 43219-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

ANGELA RODRIGUEZ
25200 CHAGRIN BLVD

STE.200
BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
       Deputy



| DATE SENT |
|---|
| Feb 3, 2021 |

COMPLAINT FILED    02/03/2021



CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21943603 | D2 CM    43589294 |

Rule 4 (B) Ohio
Rules of Civil Procedure

NAKESHEA STEELE       **PLAINTIFF**
VS
TEMPCRAFT CORPORATION, ET AL    **DEFENDANT**

# SUMMONS

DAWN TURK
6335 MEADOWBROOK ROAD
GARFIELD HEIGHTS OH 44125

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

ANGELA RODRIGUEZ
25200 CHAGRIN BLVD
STE.200
BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
              Deputy



| DATE SENT |
|---|
| Feb 3, 2021 |

COMPLAINT FILED    02/03/2021

CMSN130

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21943603 | D2 CM    43589295 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

NAKESHEA STEELE **PLAINTIFF**
VS
TEMPCRAFT CORPORATION, ET AL **DEFENDANT**

DAWN TURK
C/O TEMPCRAFT CORPORATON
3960 SOUTH MARGINAL ROAD
CLEVELAND OH 44114-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

ANGELA RODRIGUEZ
25200 CHAGRIN BLVD

STE.200
BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By 
Deputy

| DATE SENT |
|---|
| Feb 3, 2021 |

COMPLAINT FILED    02/03/2021

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 3, 2021 09:38**

By: ANGELA RODRIGUEZ 0074432

Confirmation Nbr. 2172060

NAKESHEA STEELE

    vs.

TEMPCRAFT CORPORATION, ET AL

CV 21 943603

**Judge:** DEBORAH M. TURNER

**Pages Filed:** 13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| NAKESHEA STEELE<br>2903 East 117th Street, Down<br>Cleveland, Ohio 44120<br>      Plaintiff,<br><br>      v.<br><br>TEMPCRAFT CORPORATION<br>3960 South Marginal Road<br>Cleveland, Ohio 44114<br><br>  **Serve also:**<br>  Tempcraft Corporation<br>  c/o Registered Agent CT Corporation<br>  System<br>  4400 Easton Commons Way, Suite 12<br>  Columbus, Ohio 43219<br><br>  -and-<br><br>DAWN TURK<br>6335 Meadowbrook Road<br>Garfield Heights, Ohio 44125<br><br>  **Serve also:**<br>  Dawn Turk<br>  c/o Tempcraft Corporation<br>  3960 South Marginal Road<br>  Cleveland, Ohio 44114<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Nakeshea Steele, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

Electronically Filed ~~02/03/2021 09:38 / / CV 21 943693 / Confirmation Nbr. 2172969 / CLDLJ~~
The Employee's Attorney.™ 

## PARTIES

1. Steele is a resident of the City of Cleveland, County of Cuyahoga, State of Ohio.

2. Tempcraft Corporation ("Tempcraft") is a domestic corporation with a place of business at 3960 South Marginal Road, Cleveland, Ohio 44114.

3. Tempcraft was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

4. Upon information and belief, Turk is a resident of the State of Ohio.

5. Turk was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Tempcraft who acted directly or indirectly in the interest of Tempcraft.

6. Turk was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

7. Personal jurisdiction is proper over Defendants pursuant to R.C § 2307.382(A)(1) and (3).

8. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

10. Steele is a former employee of Tempcraft.

11. Tempcraft does business under the name Arconic Engines Tempcraft.

12. Tempcraft does business under the name Arconic Engines.

13. Tempcraft is a former employer of Steele.

14. Turk is a former supervisor of Steele.

15. Steele began working for Tempcraft on June 11, 2018.

16. Steele was hired as a Wax Finisher Laborer.



17. In early 2019, Steele learned that she was pregnant.

18. Steele began having extreme morning sickness as a result of her pregnancy.

19. In January 2019, Steele advised Human Resources Representative Judy Layback that Steele was pregnant.

20. In January 2019, Steele advised Defendants that Steele was experiencing extreme morning sickness due to her pregnancy.

21. In January 2019, Steele advised Defendants that Steele was frequently nauseous while at work.

22. In January 2019, Steele advised Defendants that Steele was frequently exhausted while at work.

23. In January 2019, Steele advised Defendants that Steele constantly felt sick all of the time while at work.

24. Steele disclosed her pregnancy to Turk.

25. Steele disclosed her pregnancy to Team Lead Margaret Edger.

26. Steele disclosed her morning sickness to Turk.

27. Steele disclosed her morning sickness to Edger.

28. Tempcraft manufactured wheels ('pieces.")

29. While employed at Tempcraft, Steele worked with these pieces.

30. While employed, Steele would work with the pieces in two processes.



31. One process was called gating.

32. It takes approximately two to two and a half hours to gate one piece.

33. Defendants do not require pieces to be gated within one and a half hours.

34. During Steele's employment, Sonya Hughes was a Tempcraft employee.

35. During Steele's employment, Hughes was not pregnant.

36. Upon information and belief, during Steele's employment Hughes was unable to complete gating a piece in one and a half hours.

37. Upon information and belief, during Steele's employment Hughes was not given an efficiency write up for being unable to complete gating a piece in one and one-half hours.

38. While employed, Steele had a target to gate four pieces in an eight-hour shift.

39. Defendants set an efficiency time of one and one-half hours to complete gating one piece.

40. Steele's coworkers that were not pregnant routinely gated less than five pieces per shift.

41. Steele's coworkers that were not pregnant were not given efficiency write-ups for failing to meet a target of five pieces per eight-hour shift.

42. While employed, Steele routinely gated three to four pieces per eight-hour shift.

43. When Steele had an efficiency rate of four pieces per shift, Steele was praised for meeting her efficiency targets.

44. During this time period, Steele was also being trained in another process finishing pieces.

45. This second process was routinely referred to as finishing.

46. It takes approximately eight hours to finish one piece.

47. While finishing, Steele had a target to finish one piece per eight-hour shift.

48. During this time period, Steele would gate and finish pieces.

49. While finishing pieces, Steele was prevented from gating pieces.



50. While gating pieces, Steele was prevented from finishing pieces.

51. Steele was prevented from finishing pieces so that she could gate other coworkers' pieces.

52. Steele's coworkers that were not pregnant were only required to finish pieces.

53. Steele's coworkers that were not pregnant were usually able to complete one finishing piece in an eight-hour shift.

54. Steele's coworkers that were not pregnant were able to complete finishing piece if they were given a good wheel ( PW108E.)

55. Steele's coworkers that were not pregnant that were also asked to gate while finishing were only asked to gate the piece that they had just finished.

56. Steele's coworkers that were not pregnant that were asked to gate while finishing were not given efficiency write ups.

57. Steele's coworkers that were not pregnant were permitted to accept help from other coworkers to complete finishing efficiency targets.

58. Steele was not permitted to accept help to complete finishing efficiency targets.

59. After Steele disclosed her pregnancy to Turk and Edger, Steele's efficiency goals increased

60. While employed, Steele was the only employee in her work area ("cell") to both routinely gate and finish piece.

61. While employed, other employees in Steele's cell rarely were required to both gate and finish pieces.

62. While employed, Turk and Edger moved Steele from gating to finishing prior to Steele completing a gating piece.

63. While employed, Turk and Edger assigned other employees to complete Steele's gating pieces.

Electronically Filed 02/03/2021 09:38 / / CV 21 943603 / Confirmation Nbr. 2172060 / CLDLJ
The Employee's Attorney.™



64. Upon information and belief, the other employees assigned to complete Steele's gating pieces were given credit for the work done by Steele.

65. Upon information and belief, Tempcraft has a progressive disciplinary policy.

66. Upon information and belief, Tempcraft's disciplinary policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

67. In March 2019, Steele received written warnings for substandard efficiency.

68. Steele began receiving written warnings after Steele notified Defendants that Steele was pregnant.

69. Steele began receiving written warnings after Steele notified Defendants that Steele was suffering from extreme morning sickness..

70. In March 2019, Steele advised Defendants that at the fastest pace, it was only possible to gate four pieces in one shift.

71. In March 2019, Steele advised Defendants that no employee in Steele's work area was given five pieces to gate in one shift.

72. In March 2019, Steele advised Defendants that her efficiency target of five pieces was impossible to complete.

73. As of June 11, 2019, Tempcraft had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

74. As of June 11, 2019, Tempcraft employed 50 or more employees within 75 miles of its location where it employed Steele.

75. As of June 12, 2019, Steele worked for Tempcraft for at least 12 months.



76. As of June 12, 2019, Steele had at least 1,250 hours of service for Tempcraft during the 12-month period prior to June 12, 2019.

77. Tempcraft is considered a covered employer pursuant to the FMLA.

78. Steele was an eligible employee pursuant to the FMLA as of June 12, 2019.

79. Steele applied to take FMLA leave on approximately June 12, 2019.

80. Steeple applied to take FMLA leave beginning approximately August 15, 2019 for the birth of her child.

81. Steele was approved to take FMLA leave on approximately June 25, 2019.

82. Upon information and belief, on June 25, 2019, Tempcraft's third-party benefits administrator notified Tempcraft that Steele was approved to take FMLA leave for the birth of her child.

83. On June 25, 2019, Steele was advised that she was approved to take FMLA leave for the birth of her child.

84. On June 25, 2019, Turk asked Steele to speak to Turk and Edger.

85. On June 25, 2019, Turk asked Steele when she applied for FMLA leave.

86. On June 25, 2019, Turk told Steele not to lie in her response to Turk's question.

87. On June 25, 2019, Turk told Steele that Turk received Steele's request at 11:27 a.m.

88. On June 25, 2019, Turk told Steele that Steele was not at Steele's seat when Turk received Steele's FMLA request.

89. As part of her employment, Steele is permitted to leave her seat to obtain necessary tools.

90. As part of her employment, Steele is permitted to go to the bathroom.

91. As part of her employment, Steele is permitted to take breaks.

92. On June 25, 2019, Turk asked Steele if Steele would be taking FMLA leave for the birth of Steele's child.

Electronically Filed 02/03/2021 09:38 / / CV 21 943603 / Confirmation Nbr. 2172060 / CLDLJ
The Employee's Attorney.™


93. On June 25, 2019, Turk asked Steele when Steele would be going on Maternity leave.

94. On June 25, 2019, Steele told Turk that Steele expected to be on FMLA leave in mid-August 2019 for a period between six weeks to three months.

95. On June 26, 2019, Turk called Steele to Human Resources.

96. Defendants told Steele that Steele's work was substandard.

97. Defendants told Steele that Steele's efficiency was substandard.

98. Turk told Steele that Steele was never at Steele's seat, that Steele returned from breaks late and that Steele's efficiency was low.

99. Steele had never been disciplined for not being at her seat.

100. Steele had never been disciplined for returning from breaks late.

101. Steele did not return from breaks late.

102. Defendants did not provide Steele with an efficiency report that supported their allegations.

103. Defendants terminated Steele on June 26, 2019.

104. Defendants' did not proffer a legitimate non-discriminatory reason for terminating Steele.

105. Defendants stated reason for Steele's termination was for substandard work.

106. Defendants' stated reason for Steele's termination was false.

107. Steele's work was not substandard.

108. Upon information and belief, Steele's efficiency was consistent with the efficiency of similarly situated non-pregnant employees.

109. Defendants' stated reason for termination was pretext for discrimination on the basis of pregnancy.

110. Defendants' stated reason was pretext to interfere with Steele taking approved FMLA leave.

The Employee's Attorney.™ 

111. Tempcraft interfered with Steele's right to take FMLA leave when they terminated her employment.

112. Tempcraft terminated Steele in retaliation for planning to use FMLA leave.

113. Upon information and belief, Tempcraft permitted similarly-situated, non-pregnant employees to retain their employment despite having efficiency issues.

114. Upon information and belief, subsequent to Steele's termination, Defendants hired an employee that was not pregnant to replace Steele.

115. The above facts demonstrate that Defendants engaged in a pattern and practice of pregnancy discrimination.

116. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

117. There was a causal connection between Steele's scheduled use of FMLA and Defendants' termination of Steele.

118. There was a causal connection between Steele's pregnancy and Defendants' termination of Steele.

119. As a result of Defendants' actions, Steele suffered and will continue to suffer damages.

### COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
### (Against Tempcraft Only)

120. Steele restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

122. Tempcraft is a covered employer under the FMLA.

123. During her employment, Steele would have qualified for FMLA leave in August 2019.



124. Steele applied to take FMLA leave in Augus

125. Defendants unlawfully interfered with Steele's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

126. Tempcraft's act of writing Steele up when she was using FMLA eligible leave violated and interfered with Steele's FMLA rights.

127. As a direct and proximate result of Defendants' conduct, Steele is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF OHIO R.C. §§ 4112.02; 4112.99 et seq.
### (Asserted against Tempcraft and Turk).

1. Steele restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

2. At all times referenced herein, Steele was fully competent to perform her essential job duties while employed by Defendants.

3. Defendants treated Steele differently than other similarly situated employees based on her pregnancy.

4. R.C. § 4112.01(B) provides in part that "For the purposes of divisions (A) to (F) of section 4112.02 of the Revised Code, the terms "because of sex" and "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical conditions."

5. R.C. § 4112.01(B) further provides that "Women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected



but similar in their ability or inability to work, and nothing in division (B) of section 4111.17 of the Revised Code shall be interpreted to permit otherwise."

6. Defendants violated R.C. § 4112.02 by discriminating against Steele based on her pregnancy.

7. Defendants violated R.C. § 4112.02 by terminating Steele based on her pregnancy.

8. As a direct and proximate cause of Defendants' conduct, Steele suffered and will continue to suffer damages.

### COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Against Turk Only)

128. Steele restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

130. Turk aided, abetted, incited, coerced, and/or compelled Tempcraft's discriminatory treatment of Steele.

131. Turk aided, abetted, incited, coerced, and/or compelled Tempcraft's discriminatory termination of Steele.

132. Turk violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

133. Steele suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

134. As a direct and proximate result of Defendants' conduct, Steele has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Steele demands from Defendants the following:



(a) Issue an order requiring Tempcraft to restore Steele to one of the positions to which she was entitled by virtue of her application and qualifications and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Steele for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Steele claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/Angela Rodriguez
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: angela.rodriguez@spitzlawfirm.com
       brian.spitz@spitzlawfirm.com

*Attorneys For Plaintiff Nakeshea Steele*



## JURY DEMAND

Plaintiff, Nakeshea Steele, demands a trial by jury by the maximum number of jurors permitted.

                                                    */s/Angela Rodriguez*
                                                    Angela Rodriguez (0074432)
                                                    Brian D. Spitz (0068816)
                                                    **THE SPITZ LAW FIRM, LLC**

